UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT MORTON,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent,
_____/

Civil No. 2:06-CV-13382
HONORABLE GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

## THIRD ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Petitioner filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 26, 2006. On August 8, 2006, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by February 6, 2007. The order specifically stated that as part of the answer, the respondent shall file a copy of any prior decisions, pleadings, briefs and/or transcripts needed to adjudicate the issues presented.

After being given an extension of time, Respondent filed an answer to the petition on July 16, 2007, along with some Rule 5 materials. However, respondent failed to provide the transcripts from petitioner's trial. These transcripts are necessary for resolving petitioner's claims.

On January 23, 2008, Magistrate Judge R. Steven Whalen signed a second order compelling production of state court record, in which he ordered respondent to provide the trial transcripts within twenty one days of the order. To date, respondent has failed to provide these materials, despite being ordered to do so twice.

1

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the court orders respondent to produce **the trial transcripts from petitioner's trial** within **twenty one (21) days** of the date of the filing of this order or show cause why they are unable to comply with the order. If respondent fails to submit the relevant portions of the record as directed, any doubts as to the

record shall be resolved in the petitioner's favor. See *Horton v. Jones*, 2006 WL 2161166, * 1 (E.D. Mich. July 31, 2006).


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated: July 2, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager