**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HERBERT MORTON,

     Petitioner,                         Civil No. 2:06-CV-13382
                                          HONORABLE GERALD E. ROSEN

v.                                     UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

     Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

     Herbert Morton, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for one count of armed robbery, M.C.L.A. 750.529, one count of third-degree fleeing and eluding a police officer, M.C.L.A. 750.479a(3); and two counts of resisting and obstructing a police officer, M.C.L.A. 750.479. For the reasons stated below, the petition for a writ of habeas corpus is **DENIED.**

### I. Background

     Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. [1] This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

_____

     [1] Petitioner was acquitted of an attempted murder count.

1

Defendant's conviction arises from an incident that occurred when defendant and Marion Mitchell entered a Livonia store. [2] At trial, defendant testified on his own behalf, admitting that he pulled a knife on the store owner, that they fought, and that defendant hit the owner with both his fist and a hammer. Mitchell also testified on defendant's behalf, admitting that he stole cartons of cigarettes while defendant fought with the store owner. [3] While Mitchell admitted that he entered the store with an intent to commit a larceny, defendant denied any intent to rob the store and denied actually stealing anything from the store.

*People v. Morton,* No. 232232, * 1 (Mich.Ct.App. September 20, 2002)(footnotes original).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 468 Mich. 892; 661 N.W. 2d 240 (2003). Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Morton*, No. 00-7838 (Wayne County Circuit Court, September 29, 2004). The Michigan appellate courts denied petitioner leave to appeal. *People v. Morton*, No. 261091 (Mich.Ct.App. September 21, 2005); *lv. den.* 474 Mich. 1027; 708 N.W. 2d 403 (2006). Additional facts will be discussed when addressing petitioner's claims. Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Whether Petitioner was denied his United States constitutional Sixth and Fourteenth Amendment right to effective assistance of counsel due to counsel's failure to investigate and counsel's failure to object to the police officer's statement, or interview any witnesses.

II. Whether Petitioner's right to a fair trial was violated and requires reversal where the prosecutor's cross-examination and argument to the jury impermissibly infringed on the Petitioner's United States constitutional Fifth Amendment right to remain silent.

---

[2] Although Mitchell was also charged in this matter, he pleaded guilty to reduced charges before the instant trial began. Defendant called Mitchell as a witness at trial, and Mitchell testified favorably on defendant's behalf. (footnote original).

[3] Police recovered several garbage bags full of cartons of cigarettes when they arrested Mitchell. (footnote original).

III. Whether Petitioner was denied his United States constitutional right to a fair trial due to prosecutorial misconduct which made the proceeding fundamentally unfair and unreliable.

IV. Whether Petitioner was denied his United States constitutional Fourteenth Amendment right to due process and a fair trial where the trial court abused its discretion by its improper examination of the witness.

V. Whether the court erred reversibly when, using CJ2d 5.4 and 5.6, it instructed the jury to consider accomplice testimony with caution; those instructions are to be used only when an accomplice testifies for the prosecution, and not when an accomplice testifies for the defense.

VI. Whether Petitioner was denied his United States Fifth Amendment right to due process because the trial court erroneously refused to allow Petitioner's counsel to question the witness about the terms of his plea agreement.

VII. Whether Petitioner's sentence was based on charges and accusations not submitted before a jury, and conclusions that the jury failed to reach due to reasonable doubt, where the trial court's actions infringed upon Petitioner's United States constitutional Fifth and Sixth Amendment due process rights for a determination to be made by a jury of his peers, and for all essential elements to be proved beyond a reasonable doubt.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. The motion to amend the petition will be granted in part and denied in part.**

Petitioner has filed a motion to amend his habeas petition.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

To the extent that petitioner's proposed amended habeas petition alleges additional support for the ineffective assistance of counsel and prosecutorial misconduct claims that he raised in his original petition, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995). Therefore, the Court will consider petitioner's amended habeas petition [Dkt. # 22] as part of the pleadings in this case.

However, the Court will deny petitioner's request to amend his petition to add a

cumulative errors claim to his petition. The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Therefore, petitioner is therefore not entitled to habeas relief on the grounds of cumulative error. *Id. See also Alexander v. Smith,* 342 F. Supp. 2d 677, 693-94 (E.D. Mich. 2004). The Court will deny this portion of petitioner's motion to amend, because any amendment to the petition to add a cumulative errors claim would be futile, in light of the fact that this Court cannot grant habeas relief to petitioner on this claim. *See Wiedbrauk v. Lavigne,* 174 Fed. Appx. 993, 1000-02 (6th Cir. 2006).

### B. The Court will excuse the production of the trial transcripts.

Respondent filed an answer to the petition on July 16, 2007, along with some of the Rule 5 materials. However, respondent failed to provide the transcripts from petitioner's trial. On January 23, 2008, Magistrate Judge R. Steven Whalen signed a second order compelling production of state court record, in which he ordered respondent to provide the trial transcripts within twenty one days of the order. On July 2, 2008, this Court signed a third order directing respondent to provide the trial transcripts within twenty one days or to show cause why they were unable to comply with the Court's order.

Respondent has filed two responses to the Court's order to show cause. In these responses, respondent's counsel indicated that he had made numerous attempts to locate these transcripts with the Wayne County Clerk's Office, the Wayne County Prosecutor's Office, and Gail Rodwan, petitioner's appellate counsel from the State

Appellate Defender's Office.   None of these persons have been able to locate petitioner's trial transcripts.  On August 20, 2008, Ms. Rodwan informed respondent's counsel that she no longer has a copy of the trial transcripts, but that her file contains a copy of a 2002 letter from Rodwan to petitioner, in which she forwarded the trial transcripts to petitioner as per his request.  A review of the numerous *pro se* pleadings filed by petitioner both with the state courts and this Court shows a number of citations to specific pages of the trial transcripts, which seems to support Rodwan's assertion that a copy of the trial transcripts were sent to petitioner.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.  However, "[I]f a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted." *Id.,* 653, n. 2.

Moreover, on habeas review, a district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion. *See Clark v. Waller,* 490 F. 3d 551, 556 (6th  Cir. 2007); *cert. den.* 128 S. Ct. 630 (2007).  A district court is not required to examine transcripts before disposing of a claim where a habeas petitioner's arguments are "readily susceptible to resolution without resort to the transcript." *See Love v. Butler*, 952 F. 2d 10, 15 (1st Cir. 1991)(district court did not

err in disposing habeas petition without reviewing the trial transcripts, where the district court had before it the parties' briefs, the relevant state court decisions, a copy of an unsuccessful application for further appellate review, and certain grand jury minutes); *See also Maynard v. Dixon,* 943 F. 2d 407, 411 (4th Cir. 1991)(district court did not err in entering summary judgment in habeas corpus case without formally submitted transcript where although court lacked full transcript, it had access to relevant portions of the transcript since they were included in the habeas petition, those excerpts included references to transcript pages, and the habeas petition had been certified as true).

In the present case, the Michigan Court of Appeals' opinion on direct review of petitioner's conviction summarized the trial testimony and the relevant facts of the case. Petitioner has offered this Court no reason to question the accuracy of this opinion, but instead challenges the legal conclusions. In addition, the respondent has provided the appellate court briefs and other pleadings from petitioner's direct appeal and post-conviction review. These materials adequately and thoroughly recite the facts from petitioner's case. Accordingly, the Court will adjudicate petitioner's petition without requiring the actual trial transcripts.

The Court further elects not to directly sanction the respondent for contempt for failing to provide these trial transcripts, as petitioner has requested [See Dkt. # 17], finding that the disregard of this Court's orders for responsive pleadings was not itself intentional on the part of respondent, but was the result of their inability to obtain the trial transcripts. *See Burdine v. Johnson*, 87 F. Supp. 2d 711, 718 (S.D. Tex. 2000).

The Court will deny petitioner's related request to obtain documents without

cost, which he has brought pursuant to 28 U.S.C. § 2250. [See Dkt. # 16].

28 U.S.C. § 2250 states:

> "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."

The Court will deny petitioner's request, because petitioner has not specified why any of the documents that he has requested from this Court's docket are needed by him. A "blanket and noncommittal request" for documents by a habeas petitioner is insufficient to enable a federal court to make a determination of necessity pursuant to § 2250. *See Cassidy v. United States,* 304 F. Supp. 864, 867 (E.D Mo. 1969). In light of the conclusory nature of petitioner's motion for the production of the documents from the Court's file, the motion for production of these documents is denied. *Id.*

**C. The Court will deny petitioner's pending motions for default judgment.**

Petitioner has also filed a motion for default judgment, based upon respondent's failure to timely provide the Rule 5 materials in this case. [See Dkt. # 26].

The Court is without power to grant petitioner a default judgment because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *See also Alder v. Burt,* 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003). Therefore, the motion for default judgment will be denied.

**D. Claims # 1 and # 3. Petitioner was not deprived of the effective assistance of counsel nor was he deprived of a fair trial because of prosecutorial misconduct.**

8

In his first claim, petitioner contends that he was deprived of the effective assistance of counsel. As part of his ineffective assistance of counsel claim, petitioner claims that counsel was ineffective for failing to object to instances of prosecutorial misconduct which he raises in his third claim. For purposes of judicial economy, this Court will also address Petitioner's prosecutorial misconduct claim (Claim # III) along with his ineffective assistance of counsel claim. *See Millender v. Adams,* 187 F. Supp. 2d 852, 874 (E.D. Mich. 2002).

I. *Standard of Review*

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

II. *The individual claims.*

A. <u>Failure to interview a defense witness.</u>

Petitioner first claims that his defense counsel was ineffective for failing to interview Marion Mitchell before calling him as a defense witness. Petitioner claims that as a result of this failure to interview Mitchell prior to his testifying, the prosecutor was able to interject false information while cross-examining Mitchell. Petitioner specifically contends that the prosecutor misled the jury into believing that Mitchell had stated at his own plea hearing that he knew that petitioner had a knife before he

9

entered the store and that he planned to rob the store with the knife. Petitioner also appears to argue that counsel should have objected to the prosecutor's allegedly misleading questions.

Petitioner is unable to establish that he was prejudiced by counsel's failure to interview Mitchell prior to calling him as a defense witness. Petitioner's own exhibits clearly demonstrate that the prosecutor's impeachment of Mitchell with his comments from his plea hearing was entirely proper. The Court has reviewed a copy of Mitchell's plea hearing, which petitioner has attached to his petition as part of Appendix I. At his hearing, Mitchell indicated that upon entering the store, petitioner and the owner got into an argument and that petitioner had a knife. While petitioner was fighting with the owner, Mitchell filled up a bag of cigarettes. Mitchell indicated that prior to the assault, petitioner had placed some cigarettes on the counter to distract the store owner from what Mitchell was doing. Mitchell indicated that petitioner was armed at the time that he was taking the cigarettes. Finally, Mitchell indicated that he was acting in concert with petitioner when they went in together to rob the store. (Plea Tr., pp. 14-19). Petitioner has, in fact, also attached a letter from his appellate counsel, Gail Rodwan, in which she questions his request to have her file Mitchell's plea transcript with petitioner's previously filed motion to remand. Rodwan indicated to petitioner that she thought that this was "a very harmful piece of evidence against you." Rodwan noted that although Mitchell did not directly state that he knew that petitioner was carrying a knife before they both entered the store, he did indicate that petitioner had attacked the owner with a knife and knew that petitioner was armed with a knife during the robbery.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-1356 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

For a prosecutor's cross-examination of a witness to rise to the level of prosecutorial misconduct, a defendant is required to show intentional misconduct or reckless disregard for the truth on the part of the prosecutor. *See U.S. v. Sexton,* 119 Fed. Appx. 735, 750 (6th Cir. 2005)*; vacated in part on other grds,* 2005 WL 6011238 (6th Cir. April 4, 2005).  Because Mitchell had stated at his plea hearing that he had acted in concert with petitioner to commit this armed robbery and that he knew that petitioner was armed with a knife during the robbery, it was reasonable to infer that Mitchell knew that petitioner had a knife when he entered the store.  The prosecutor's questions to Mitchell on cross-examination about whether Mitchell had told the judge at

---

[4] *See* Petitioner's Appendix C.

the plea hearing that he knew that petitioner had a knife when petitioner went into the store and that he knew that petitioner was going to rob the store with the knife were not improper.  Because petitioner has failed to show that the prosecutor committed misconduct, petitioner's claim that counsel was ineffective for failing to object to the prosecutor's questions must also be rejected. *Millender,* 187 F. Supp. 2d at 876.

Moreover, to the extent that petitioner is contending that counsel was ineffective for failing to better prepare Mitchell for cross-examination, he has likewise failed to show prejudice.  When confronted by the prosecutor with his statements from the plea hearing, Mitchell denied stating that he knew that petitioner had a knife when he entered the store.  Any claim that counsel failed to prepare his defense witness fails, because petitioner does not explain what testimony that Mitchell would have presented had he been prepared more effectively by his defense counsel or how that testimony would have differed materially from the evidence that the jury did consider. *See Hill v. Mitchell,* 140 Fed. Appx. 597, 598 (6th Cir. 2005).

B. <u>Failure to object to petitioner's statements to the police that he did not ingested alcohol or narcotics.</u>

Petitioner next contends that counsel was ineffective for failing to object to the investigating officer's testimony that petitioner was asked during the advising of his constitutional rights whether he had ingested alcohol or narcotics, to which the petitioner replied that he had not.  Petitioner contends that this statement was taken in violation of his *Miranda* rights and was prejudicial to his case because it was used by the prosecutor to impeach petitioner's testimony that he was intoxicated at the time of the incident.

A prosecutor may not use a defendant's statements which stem from custodial interrogation unless the prosecutor can demonstrate the use of procedural safeguards which are effective to secure a defendant's privilege against self-incrimination. *Miranda v. Arizona,* 384 U.S. 436, 444 (1966). However, a defendant's statements that are inadmissible because of the government's failure to provide *Miranda* warnings may be used for impeachment purposes to attack the credibility of a defendant's trial testimony. *Harris v. New York*, 401 U.S. 222, 225-26 (1971); *See also Missouri v. Seibert,* 542 U.S. 600, 619 (2004).

In the present case, the prosecution did not introduce petitioner's statement to Detective Reilly in its case in chief. A review of the statement of facts from the brief on appeal submitted by petitioner's appellate counsel shows that these statements were introduced only on rebuttal after petitioner had testified that he was intoxicated. [5] Because there was no reasonable probability that a motion to suppress based on an alleged *Miranda* violation would have succeeded in this case, petitioner was not denied effective assistance by his trial counsel's failure to move for the suppression of his statement on this basis. *See Koras v. Robinson,* 123 Fed. Appx. 207, 210-12 (6th Cir. 2005)

Moreover, any possible error by trial counsel in failing to prevent petitioner's allegedly non-Mirandized statement from being used to impeach petitioner's intoxication defense did not prejudice petitioner, so as to support an ineffective assistance of counsel claim, in light of the implausible nature of petitioner's intoxication

---

[5] *See* Brief on Appeal, dated August 27, 2001, p. 5 [Part of this Court's Dkt. 13-9, 13-10].

defense. *See Washington v. Renico,* 455 F. 3d 722, 732 (6th Cir. 2006).

Federal courts have rejected ineffective assistance of counsel claims for failure to raise an intoxication defense on the ground that the level of intoxication needed to negate specific intent is so high that the defense is rarely successful. *Evans v. Meyer*, 742 F. 2d 371, 374 (7th Cir. 1984); *Wilen v. Wainwright*, 793 F. 2d 1190, 1194 (11th Cir. 1986); *See also Vinson v. McLemore,* 226 Fed. Appx. 582, 585 (6th Cir. 2007)(trial counsel's alleged conduct in relying on self-defense as defendant's only theory of acquittal, rather than investigating and pursuing voluntary intoxication defense, was reasonable trial strategy, and therefore was not ineffective assistance of counsel; trial counsel explained at evidentiary hearing he never used alcohol as a defense and had never known of it being successful and that jurors ordinary did not like the argument that a defendant was too drunk to know what he was doing).

A review of the various pleadings in this case, including state appellate counsel's brief on appeal, shows that petitioner went into the store, stabbed the owner in the hand with a knife, beat him on the head with a hammer, and tried to strangle him with duct tape.  When petitioner and Mitchell exited the store and attempted to flee the parking lot in petitioner's car, petitioner repeatedly rammed a police car that was blocking his path.  Petitioner later attempted to flee on foot and resisted the arresting officers.  Petitioner himself testified that when the store owner asked him to leave the store and waived a hammer at him, petitioner cursed the owner.  In response to a racial slur from the owner, petitioner admitted pulling out a knife and hitting the owner. Petitioner also admitted hitting the owner with the hammer in the process of attempting

to disarm him. [6]  Because the evidence at trial clearly established that petitioner could form the specific intent to commit the crimes charged, petitioner was not prejudiced by counsel's failure to prevent petitioner's statement to the police from being used to impeach his trial testimony concerning his level of intoxication.  Petitioner is not entitled to habeas relief on his first and third claims.

### E.  Claim # 2.  The prosecutor did not violate petitioner's Fifth Amendment rights by impeaching him with his pre-arrest and post-arrest silence.

Petitioner next claims that the prosecutor violated his Fifth Amendment right against self-incrimination by asking petitioner whether he had told the police that the victim had hit him with the hammer, as petitioner had claimed at trial. [7]

The Supreme Court has held that use of a defendant's pre-arrest silence for impeachment purposes does not violate the Fifth Amendment right against self-incrimination or the Fourteenth Amendment right to due process. *Jenkins v. Anderson*, 447 U.S. 231, 238-39 (1980).  In addition, in the absence of any indication that a criminal defendant had received his *Miranda* warnings, the use of post-arrest silence to impeach a defendant's credibility when that defendant chooses to take the witness stand does not violate the Due Process Clause.  *See Fletcher v. Weir,* 455 U.S.

---

[6] *See Id.,* pp. 1-5.

[7]  Respondent contends that petitioner's second, third, and fifth claims are procedurally defaulted for various reasons.  Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997).  In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  In light of the fact that petitioner's second, third and fifth claims are without merit or non-cognzable, judicial economy dictates addressing the merits of these claims.

603, 606-07 (1982).  In *Fletcher,* the Supreme Court held that it was not unconstitutional for a prosecutor to use the defendant's post-arrest silence for impeachment purposes, where the defendant testified at trial that he stabbed the victim in self-defense and that the stabbing was accidental. *Id.*

In the present case, petitioner testified that he was hit with a hammer by the victim.  The prosecutor asked petitioner about being approached by a police officer as he exited the store and whether petitioner told this officer that he had been assaulted by the victim with a weapon.  The prosecutor specifically asked petitioner whether he told this story to anyone prior to being arrested.  Petitioner claimed that he never had a chance to tell his story because the police officer pointed his gun at him and told him to "freeze."

The prosecutor's questions to petitioner about failing to tell the police about being assaulted by the victim with a hammer clearly involved his pre-arrest silence. References to Petitioner's pre-arrest silence would have been permissible under *Jenkins* to impeach his credibility.  Likewise, since there was no indication that any *Miranda* warnings had been given to petitioner when he was initially arrested at the crime scene, any references to petitioner's failure to tell the arresting officer that he had been assaulted with a hammer did not violate his constitutional rights and would have been permissible to impeach the credibility of petitioner's testimony. *See Seymour v. Walker,* 224 F.3d 542, 560 (6th Cir. 2000).  Petitioner is not entitled to habeas relief on his second claim.

**F. Claim # 4.  Petitioner was not deprived of a fair trial because of judicial bias or misconduct.**

16

Petitioner next claims that he was deprived of a fair trial when the trial court judge asked Detective Reilly to clarify whether he asked petitioner questions about drugs and alcohol in the context of advising him of his constitutional rights.

Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005). However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Id.* To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Id.* A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F. 2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.

In the present case, the trial court judge interjected herself only once to clarify Detective Reilly's testimony. It is not unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer,* 358 F. Supp. 2d at 657; *See also Wenglikowski v. Jones,* 306 F. Supp. 2d 688, 695 (E.D. Mich. 2004). "In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Brown,* 358 F. Supp. 2d at

657. Because the trial court judge's question to Detective Reilly was proper, petitioner is not entitled to relief on his fourth claim.

### G. Claim # 5. Petitioner is not entitled to habeas relief on his claim that the trial court gave a cautionary accomplice instruction concerning petitioner's own witness.

Petitioner next contends that the trial court erred when it gave a cautionary accomplice instruction concerning petitioner's own witness. Petitioner claims that such an instruction should only be given when an accomplice testifies for the prosecution not the defense.

In order for habeas relief to be warranted on the basis of incorrect jury instructions given in a criminal trial in state court, a petitioner must show more than the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Jones v. Smith,* 244 F. Supp. 2d 801, 816 (E.D. Mich. 2003).

There is no constitutional problem to instruct a jury to receive an accomplice's testimony "with care and caution." *Cool v. United States,* 409 U.S. 100, 103 (1972). A number of circuits have held that it there is no error in giving an accomplice witness instruction when the accomplice's testimony favors the defendant. *See U.S. v. Tirouda*, 394 F. 3d 683, 687 (9th Cir. 2005)*; United States v. Bolin*, 35 F.3d 306, 308 (7th Cir. 1994); *United States v. Urdiales*, 523 F.2d 1245, 1248 (5th Cir. 1975). The trial court's giving of a cautionary instruction on accomplice testimony did not deprive petitioner of a fair trial. Petitioner is not entitled to habeas relief on his fifth claim.

18

**H. Claim # 6.  The trial court did not deprive petitioner of his right to confrontation or his right to present a defense by refusing to allow counsel to question Mitchell about an alleged plea agreement with the prosecutor.**

Petitioner next contends that the trial court erred in refusing to permit his defense counsel to question Mitchell about an alleged plea agreement that he had with the prosecutor to offer truthful testimony in this case.

The Michigan Court of Appeals rejected petitioner's claim, finding that it was not evident from the record that there had been any plea agreement between the prosecutor and Mitchell. *Morton,* Slip. Op. at * 5.  The Michigan Court of Appeals further concluded that any such error in excluding any such plea agreement would have been harmless, in light of the fact that Mitchell had testified on petitioner's behalf, thus permitting "defense counsel to raise a motive for Mitchell to lie would not have helped defendant." *Id.,* at 5, n. 7.

The Sixth Amendment Confrontation Clause guarantees the accused the right to cross examine adverse witnesses to uncover possible biases and expose the witness' motivation in testifying. *See Davis v. Alaska*, 415 U.S. 308, 315-316 (1974).  However, the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, that the defendant might wish. *United States v. Owens*, 484 U.S. 554, 559 (1988)(internal citations omitted).  The Confrontation Clause of the Sixth Amendment does not prevent a trial judge from imposing limits on a defense counsel's inquiry into potential bias of a prosecution witness; to the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment,

19

prejudice, confusion of the issues, a witness' safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); *Jones,* 244 F. Supp. at 808; 28 U.S.C. § 2254(e)(1). Whether the prosecution made a deal with a witness is a factual question which is entitled to the presumption of correctness unless petitioner can clearly and convincingly show otherwise. *See Dye v. Stender,* 208 F. 3d 662, 665 (8th Cir. 2000)(internal citations omitted). In this case, petitioner has failed to offer any evidence that the prosecutor offered Mitchell a plea agreement in exchange for his testimony. Mitchell's plea transcript, in fact, shows that there was no plea agreement between the prosecutor and Mitchell concerning his testimony. The trial court judge indicated that she was entering into a sentence agreement with Mitchell pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993), in which the judge promised a sentence of nine and a half to eighteen years on the armed robbery charge to which Mitchell was pleading guilty. The judge indicated that *if* the prosecutor made an offer to Mitchell for testimony and *if* Mitchell offered truthful testimony against petitioner, then the trial court judge would reduce Mitchell's minimum sentence to eight years on that count. (Plea Tr., p. 4)(emphasis added). Because there is no evidence that the prosecutor offered Mitchell any plea agreement in exchange for his testimony, the trial court did not err in refusing to permit counsel to ask any questions about such a deal.

In light of the fact that petitioner has failed to present any evidence to the state

court or to this Court that Mitchell had been given any deal by the prosecution in exchange for his testimony, petitioner has failed to show that his Sixth Amendment right to confrontation was violated by the trial court's refusal to permit petitioner to question Mitchell about whether he had been offered a plea bargain in exchange for truthful testimony. *See Washington v. Renico,* 455 F. 3d at 728-29 .

Moreover, any evidence that petitioner's defense witness had entered into a plea agreement conditioned upon truthful testimony was not relevant to allow the jury to assess witness's credibility, in light of the fact that the jury knew that the witness was under oath when he testified and the jury had the opportunity to hear witness testify and was free to accept or reject his testimony. *See U.S. v. Montoya,* 132 Fed. Appx. 953, 955-56 (3rd Cir. 2005). Petitioner is not entitled to habeas relief on his sixth claim.

### I. Claim # 7. Petitioner's sentencing claim is non-cognizable.

Petitioner finally claims that the trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67. Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See e.g. Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).

Petitioner further contends that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the

prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's scoring of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *cert. den.* 128 S. Ct. 1898 (2008); *See also Brown v. Bell,* U.S.C.A. No. 07-2208 (6th Cir. March 7, 2008)(declining to grant a certificate of appealability to habeas petitioner on *Blakely* type claim, because petitioner had failed to show make a substantial showing of the denial of a federal constitutional right).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the

22

petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender,* 187 F. Supp. 2d at 880. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

# V. <u>ORDER</u>

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus, as amended,[8] is

**DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's Motion for an Order to Obtain

Documents Without Cost [Dkt. No. 16], Motion for Sanctions [Dkt. No. 17], Motion for

Judgment of Default [Dkt. No. 26] and Motion for Entry of Judgment on Merit [Dkt. No.

29] are **DENIED**.

IT IS FURTHER ORDERED that Respondent's July 23, 2008 Motion to Extend

Time to File Rule 5 Material [Dkt. No. 24] is DENIED as **MOOT**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 24, 2008

I hereby certify that a copy of the foregoing document was served upon Herbert Morton
and counsel of record on September 24, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[8] As set forth above in Section III(A) of this Opinion, the Court has granted, in part and denied, in part, Petitioner's Motion to Amend his Petition [Dkt. No. 21], and has considered his amended habeas petition in deciding this matter.