**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HERBERT MORTON,

    Petitioner,                               Civil No. 2:06-CV-13382
                                                    HONORABLE GERALD E. ROSEN
v.                                                 UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

## **OPINION AND ORDER DENYING THE MOTION FOR REHEARING**

On September 24, 2008, this Court denied petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. See Morton v. Warren*, No. 2008 WL 4386840 (E.D. Mich. September 24, 2008). Petitioner has now filed a motion for rehearing pursuant to Fed.R.Civ.P. 59(b). For the reasons stated below, the motion for rehearing shall be **DENIED**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

    1. to accomodate an intervening change in controlling law;
    2. to account for new evidence which was not available at trial; or;
    3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion for rehearing, petitioner is merely presenting arguments that were already raised in the petition for writ of habeas corpus and considered by the Court in ruling on the petition. Petitioner is merely attempting to re-hash arguments that he

previously raised in his initial habeas application. The Court will therefore deny petitioner's motion for rehearing, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court dismissed the petition for writ of habeas corpus and denied petitioner a certificate of appealability. *Hence v. Smith,* 49 F. Supp. 2d at 553.

**IT IS HEREBY ORDERED** that the motion for rehearing [Dkt. # 32] is **DENIED.**


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager