UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT MORTON,

    Petitioner,                                  Civil No. 2:06-CV-13382
                                                 HONORABLE GERALD E. ROSEN
v.                                             UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE
## RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT

On September 24, 2008, this Court denied petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. See Morton v. Warren,* No. 2008 WL 4386840 (E.D. Mich. September 24, 2008). On October 22, 2008, this Court denied petitioner's motion for rehearing. The United States Court of Appeals for the Sixth Circuit subsequently denied petitioner a certificate of appealability and dismissed the appeal. *Morton v. Warren,* U.S.C.A. No. 08-2404(6th Cir. August 6, 2009). Petitioner has now field a Rule 60(b) motion for relief from judgment. For the reasons stated below, the motion for relief from judgment is DENIED.

The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to

1

present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005).

On the other hand, the Supreme Court has held that when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 125 S. Ct. at 2648.

Petitioner contends in his motion for relief from judgment that this Court failed to accept as truthful verbatim excerpts of the pages from various transcripts that petitioner had cited to in his petition in support of his claims. Petitioner claims that this prejudiced his case, in light of the fact that respondent was unable to produce the trial transcripts from petitioner's trial. Petitioner's allegation that this Court failed to review portions of the state court record challenges the procedural handling of his habeas petition and therefore does not amount to a second or successive petition that would require a transfer to the Sixth Circuit. *See Willis v. Jones,* 329 Fed. Appx. 7, 14 (6th Cir. 2009)(habeas petitioner's motion for relief from prior order that dismissed his habeas petition as untimely, insofar as it argued that district court erred in calculating statute of limitations or in not requiring state to properly produce the habeas record, went to procedural handling of his first habeas petition, and did not have to be dismissed as successive petition for habeas relief). Petitioner also claims that this Court failed to address crucial parts of his claims. Petitioner's allegation that this Court failed to

consider one or more of his claims would likewise constitute a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition. *See Spitznas v. Boone,* 464 F. 3d 1213, 1225 (10th Cir. 2006).

However, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. U.S.,* 367 F. 3d 74, 82 (2nd Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

Petitioner first alleges that this Court failed to consider excerpts of the pages from various transcripts that petitioner had cited to in his petition in support of his claims. Petitioner's allegation is without merit. This Court reviewed all of the transcripts and transcript excerpts that petitioner attached to his petition for writ of habeas corpus, and also accepted as true petitioner's citations to various transcripts that had not been provided by respondent. This Court also resolved petitioner's claims based on the factual allegations contained within the state appellate court briefs and the Michigan Court of Appeals' opinion. More specifically, this Court reviewed co-defendant Marion Mitchell's guilty plea transcript, which had been attached as Appendix J to the petition for writ of habeas corpus, in rejecting petitioner's Confrontation Clause and

prosecutorial misconduct claims. Therefore, petitioner has failed to show that this Court failed to review the appropriate records and transcripts prior to reaching a decision in this case.[1]

Petitioner further contends that this Court failed to consider crucial parts of the claims that he presented in his original petition. Petitioner first alleges that this Court failed to review the trial court's instruction to the jurors that petitioner may have bribed his co-defendant in exchange for favorable testimony, when addressing his claim involving the trial court's giving of an accomplice instruction for the co-defendant, who testified on petitioner's behalf. Petitioner further claims that this Court failed to review the trial court's decision to prevent defense counsel from asking the police officer any questions about whether he was misrepresenting anything, in the context of petitioner's judicial misconduct claim. Petitioner lastly contends that this Court failed to consider whether the United States Supreme Court decision of *Pennsylvania v. Muniz,* 110 S. Ct. 2638 (1990) was applicable to his Fifth Amendment claim. Petitioner's allegations are without merit. All of these issues were taken into consideration by this Court, when it reviewed and rejected petitioner's claims. This Court will deny petitioner's Rule 60(b) motion, because petitioner is merely using the motion to relitigate the merits of his claim. *See Miles,* 90 Fed. Appx. at 458. Accordingly, petitioner is not entitled to relief from judgment in this case.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. §

---

[1] Petitioner's Appendix J is part of Dkt. # 1-3. This Court mistakenly referred to the plea transcript as Appendix I in its original decision, but nonetheless reviewed the transcript prior to adjudicating the relevant claims.

2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from

judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Jackson v. Crosby,* 437 F. 3d 1290, 1295 (11th Cir. 2006); *Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence*, 49 F. Supp. 2d at 549.

### III.  ORDER

Accordingly, the Court **DISMISSES** the Rule 60(b) motion for relief from judgment [Dkt. Entry # 40].

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  October 16, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on   October 16, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Brian O. Neill                                                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Herbert Morton, #188170, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446                                                                           .

                                                  s/Ruth A. Brissaud                       
                                                  Ruth A. Brissaud, Case Manager
                                                  (313) 234-5137